UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     BRIDGET ALLEN | ) | Case No. 05-15877-SSM |
| | ) | Chapter 13 |
|                Debtor | ) | |
| | ) | |
| BRIDGET ALLEN | ) | |
| | ) | |
|                Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 10-1501 |
| | ) | |
| KEVIN KERNAN, *et al.* | ) | |
| | ) | |
|                Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are two motions filed by the plaintiff, Bridget Allen: (1) a motion to amend the complaint, and (2) a motion to recuse myself as the trial judge. Both motions were filed one week prior to the scheduled trial of this action on June 27, 2011, and the court's intent was to hear any oral argument and rule on the motions as preliminary matters at the commencement of the trial (since granting either motion would have required that the trial be rescheduled). However, Ms. Allen did not appear at the trial. Because Local Bankruptcy Rule 9013-1(L) permits the court to rule on motions without an oral hearing, and because the court determines that oral argument would not assist the court, the court will address the merits of the two motions, both of which will be denied.

## Background

By way of brief background, Ms. Allen has filed three chapter 13 cases in this court. After the first was dismissed for failure to obtain the required credit counseling, the second was filed shortly thereafter in late November 2005. An order was entered extending the automatic stay beyond 30 days, when it would otherwise have terminated under § 362(c)(3), Bankruptcy Code. A plan was eventually confirmed that was completed in December 2010. The third case was filed in the waning days of the second case and is still pending before the court. During the second case, her condominium association, Park Place: A Condominium Unit Owners Association, brought an injunction action against her in state court to obtain access to her unit in order to repair a water leak. The state court granted a preliminary injunction and ultimately set a further hearing at which it held her in contempt for failure to comply with the preliminary injunction and awarded the Association a money judgment against her in the amount of $7,701. At or about the time the plan was completed in the second case, Ms. Allen brought a motion for contempt against the Association and one of its attorneys, Kevin Kernan, for violation of the automatic stay. She subsequently filed the present adversary proceeding against Mr. Kernan and the Association asserting many of the same claims that were raised in the contempt motion. Following a hearing on December 14, 2010, the court, by order of December 20, 2010, consolidated the contempt motion and adversary proceeding for discovery and trial. A scheduling order was issued setting a discovery cutoff date of April 15, 2011, and a trial date of May 23, 2011. On May 3, 2011, the court granted a motion compelling Ms. Allen to respond to certain discovery and reset the trial date to June 27, 2011.

Discussion

I.

I will first address the motion to amend the complaint. The original complaint (the one presently before the court) was pleaded in five counts. On a motion by the defendants to dismiss the complaint, the court denied the motion as to Count 1, which asserted a violation of the automatic stay based on a Notice of Intent to File Lien sent to Ms. Allen in March 2007 by the Association's attorneys. However, Counts 2 and 3 were dismissed for failure to state a claim for relief, and Courts 4 and 5 were dismissed for lack of subject-matter jurisdiction. Because Mr. Kernan's involvement related only to Count 2, he was dismissed as a defendant.

The proposed amended complaint adds two defendants—the law firm of Troutman Sanders, LLP, and the property management firm of Legum & Norman, Inc.—and repleads, without material alteration, the counts that were previously dismissed. Under Rule 15(a)(2), Federal Rules of Civil Procedure, which is incorporated in bankruptcy cases by Rule 7015, Federal Rules of Bankruptcy Procedure, after more than 21 days have passed since service of the original complaint, an amended complaint may be filed only with the opposing party's written consent or the court's leave. The rule further instructs that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has explained that the factors that may be considered by court in denying a motion to amend are "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, LEdHR7

(1962). Of those grounds, the only ones applicable here are undue delay (with respect to adding new defendants) and futility (with respect to the previously-dismissed counts).

With respect to adding two new defendants, the court simply notes that this adversary proceeding has been pending for more than six months, the discovery cut-off date has passed, and the motion was filed only seven days prior to the scheduled trial. The proposed addition of two new parties who have not previously participated in the case comes entirely too late. They could not be added without reopening discovery and continuing the trial date, neither of which the court is willing to do. This is not a case in which the plaintiff only recently learned of the identity or involvement of the defendants she now seeks to add; she has known, or should have known, of them since she filed suit against the association. Because adding them at this late date would unjustifiably delay the proceedings, the motion, to the extent it seeks to add defendants, must be denied.

Additionally, to the extent the proposed amendment seeks to resurrect Counts 2 through 5, which the court has previously dismissed, no basis has been shown for permitting those claims to be reinstated. Count 2 was dismissed because the suit that the Association brought against the debtor in April 2009 to obtain access to her unit, and the judgment it obtained, constituted a post-petition claim to which the automatic stay did not apply, not a prepetition claim. Count 3 was dismissed because the condominium's master insurance policy is not property of the debtor's estate, and any claim by the Association against the policy was not a prohibited act to exercise control over property of the estate in violation of the automatic stay. And Counts 4 and 5, which challenged the assessment of "junk fees" against the debtor's account and "egregious harassment" by the Association and its agents fell outside the limited subject-matter jurisdiction

of this court under 28 U.S.C. § 1334. The court can discern no error in those rulings, and allowing the complaint to be amended to reassert them would be futile. Accordingly, the motion to amend the complaint will be denied.

## II.

I will next address the motion to recuse. A federal judge or justice is required to disqualify himself or herself not only in specific enumerated instances (such as being related to a party or having a financial interest in the outcome of the litigation) but more generally "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Fourth Circuit has instructed that recusal under 28 U.S.C. § 455(a) requires a reasonable basis for questioning a judge's impartiality based on bias deriving from an extra-judicial source rather than from the judge's participation in the case or earlier proceedings. *In re Beard*, 811 F.2d 818 (4th Cir.1987). Having carefully reviewed Ms. Allen's motion, the court can only conclude that it does not set forth an objectively reasonable basis for questioning my impartiality. Essentially, the motion attempts to characterize numerous procedural and substantive rulings with which Ms. Allen disagrees as evidence of bias. The reasons for those rulings are set forth either in written opinions that the court has issued or oral rulings (most of which have been transcribed) and need not be repeated. To the extent they are incorrect—and the court does not believe they are—they may be challenged on appeal. But adverse rulings against a party, no matter how vigorously a party disagrees with them, simply do not constitute a basis for disqualification. *Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011) ("Dissatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal.") (*citing Liteky v. United States*, 510 U.S. 540, 114

S.Ct. 1147, 127 L.Ed.2d 474 (1994)).  Ms. Allen's contention that she has not been afforded a meaningful opportunity to present her case is simply not supported by the record, which is replete with her filings, all of which the court has addressed.  Accordingly, I determine that the motion for recusal is not well-founded and should be denied.[1]

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to recuse is denied.

2. The motion for leave to file an amended complaint is denied.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

---

[1] The court has independently considered whether recusal would be appropriate based on a "citizen complaint" Ms. Allen filed with an internet radio program known as the Justice For All Show, www.blogtalkradio.com/justiceforall. Samuel Clark, who describes himself as a co-host of the program, faxed a copy of the complaint to chambers and requested comments. Because a federal judge may not comment publicly on pending litigation, *see* Canon 3A(6), Code of Conduct for United States Judges, I declined the request for comments. The complaint itself raises largely the same arguments as the motion to recuse, but is considerably more virulent in its language, to the point of asserting "Judge Mitchell is nothing more than a criminal." The court nevertheless believes it can fairly adjudicate the case without regard to Ms. Allen's charges, and is disinclined to allow a party to create grounds for recusal by the simple expedient of insulting the judge.

Copies to:

Bridget Allen
2500 N. Van Dorn St., #621
Alexandria, VA 22302
Plaintiff *pro se*

Christopher Jones, Esquire
Whiteford Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, VA 22042
Counsel for the defendant